## MARTIN JUDY *v.* JOHN S. SWINNEY.

**Contract—Mutual Covenants—Pleading—Proof.**

When covenants in a contract are mutual and to be performed at the same time, neither party can maintain an action without averring a tender; and in cases where the first act is to be done by the defendant, plaintiff must aver his readiness to comply.

**Pleading—Proof.**

Before a party to a contract can introduce proof excusing him from performance, because prevented by the act or conduct of his adversary, he must first aver such fact in his pleading.

APPEAL FROM BOURBON CIRCUIT COURT.

October 15, 1874.

OPINION BY JUDGE PRYOR:

It is well settled that when the covenants are mutual and to be

performed at the same time, that neither party can maintain an action without averring a tender; and in cases where the first act is to be done by the defendant, the plaintiff must aver his readiness to comply. Chitty lays down the rule as follows: "There is also a third sort of covenants, which are mutual conditions to be performed at the same time; and in these, if one party was ready, and offered to perform his part, and the other neglected or refused to perform his, he who was ready and offered has fulfilled his engagement, and may maintain an action for the default of the other." Chitty's Pleadings 353.

In the present case the cattle were to be obtained by one party and paid for by the other, and no place being fixed for the delivery, the law is that the residence of the vendor is where the contract is to be executed. If the appellant, in this case, had his cattle ready at his residence for delivery, he could not have been compelled to comply on his part without a payment to him of the money, and on the other hand could have maintained no action against the appellee without averring that he had the particular description of cattle, as well as the number, ready for delivery at the time and in the manner provided by the contract. There was then as much necessity for appellee to have been at the residence of appellant to receive and pay for the cattle, as it was for the latter to have them ready for delivery. If the cattle had been in the barn lot on the day, no performance could have been made by the appellee, as he does not aver that he was at appellant's residence, and when there was ready and offered to perform his part of the contract. The party complaining must show that he has complied or offered to comply before he can make his adversary liable for any default upon his part. The petition as amended fails to state a cause of action, and the demurrer should have been sustained.

It is insisted by the appellee that there is evidence conducing to show that his failure to attend and comply with his contract was by reason of some act on the part of the appellant, by which he was prevented or excused from so doing. Whether such facts exist it is not necessary now to determine, as there is no allegation in the petition under which such proof could be introduced.

The judgment is *reversed* and cause remanded with directions to award the appellant a new trial, and for further proceedings con-

sistent with this opinion. The appellee, if he can do so, should be allowed to amend his pleadings.

*Brent & McMillian, for appellant.*
*A. M. Swope, for appellee.*